Dear Mr. Myers:
Reference is made to your recent request for an opinion of this office regarding the appropriation of public funds by the Bienville Parish Police Jury to the Bienville Parish Fair Association, a non-profit corporation. It is our understanding that if appropriated, the funds will be utilized for premiums and awards to members of the 4-H program and other citizens who participate in various competitions at the Parish Fair. On behalf of the Police Jury, you are interested in determining whether it is appropriate for the Police Jury to utilize public funds for this purpose.
Regrettably, although this office is supportive of the Police Jury's efforts to encourage agricultural, social, cultural and other events among its citizenry, and although the Attorney General enthusiastically supports the 4-H program around the state, we are constrained to advise that the Police Jury cannot appropriate public funds to a nonprofit corporation such as the Bienville Parish Fair Association for use as premiums and awards.
La. Const. Art. VII, Sec. 14 (A) prohibits political subdivisions of this state from loaning, pledging or donating public funds, credit, property, or things of value to or for any person, firm, or corporation, public or private. This constitutional provision has been interpreted by the Louisiana Supreme Court in City ofPort Allen v. Louisiana Municipal Risk Agency, 439 So.2d 399 (La. 1983), which held that the Constitution is violated whenever the state or a political subdivision gives up something of value when it is under no obligation to do so.
The jurisprudence of this state also makes it clear that the worthiness of the contemplated use of public funds is immaterial to the constitutionality of a transfer of public funds. In Jamesv. Rapides Parish Police Jury, 113 So.2d 88 (La.App. 2nd Cir. 1959), the court interpreted La. Const. (1921) Art. IV, Sec. 12, a provision almost identical to the present Art. VII, Sec. 14 (A). Therein, the court stated:
 ". . . [T]hese specific prohibitions have been wisely implanted in our fundamental law, for it is conceivable that without such prohibitions the state, or a political subdivision thereof, might so deplete the public fisc by contributions to almost innumerable worthy private and semi-public enterprises as to seriously impair the necessary expense of conducting more prosaic but more important governmental functions." 113 So.2d at p. 93.
We are unaware of any provision of law which would obligate the appropriation of public funds to a non-profit fair organization for use as premiums and awards to be made to 4-H members and/or others. Furthermore, we are compelled to consider the previous opinions of this which office have reached the same or a similar conclusion as is reached herein. In that regard, we note that in Atty. Gen. Op. No. 96-109, this office determined that public funds of Jackson Parish could not be appropriated for 4-H awards. Atty. Gen. Op. No. 82-1032 opined that the Bienville Parish Police Jury could not donate funds to a service club for assistance and promotion of a Christmas festival in Arcadia. In Atty. Gen. Op. No. 77-1157, the Acadia Parish Police Jury was advised that the constitution prohibits it from expending public funds to assist a Frog Festival or a Mardi Gras celebration. See also: Ops. of the Atty. Gen., 1946-48, p. 508, which determined that municipalities and parishes are constitutionally prohibited from donating to a private fair corporation.
We trust this opinion to sufficiently address your concerns. Should you have any further questions, please do not hesitate to contact this office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv